980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Claude Allen TOWNES, Defendant-Appellant.
 No. 91-5886.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant Claude Allen Townes was convicted by a jury for: (1) conspiracy to distribute and possess with the intent to distribute cocaine, 21 U.S.C. § 846; (2) interstate travel to promote unlawful drug activity, 18 U.S.C. § 1952(a)(2); (3) use of firearm during a drug trafficking offense, 18 U.S.C. § 924(c); and (4) possession with intent to distribute cocaine, 18 U.S.C. § 841(a)(1). Defendant appeals his § 924(c) conviction. For the reasons set forth below, we AFFIRM the district court.
 
 FACTS
 
 2
 Grayson Winters, director of the First Judicial District Drug Task Force, and an informant met defendant and his co-defendant, Teresa Jones, at a trailer in Piney Flats, Tennessee, for the purpose of traveling together to Bluefield, West Virginia, to purchase two ounces of cocaine hydrochloride. The entire trip was made under the surveillance by Drug Task Force agents.
 
 
 3
 Jones was given $7,000.00 at a Bluefield restaurant to purchase the cocaine. She then left to purchase the cocaine. During this time, defendant told Winters he intended to make "crack" out of the cocaine and sell it for greater profit. When Jones returned, defendant divided the cocaine, giving two ounces to Winters and keeping three ounces. The group traveled back to the Piney Flats trailer, at which time Winters and the informant departed.
 
 
 4
 The agents then observed a blue Ford driven by a female leave the trailer with defendant in the back seat. The Ford was stopped in Johnson City, Tennessee, where agents asked the passengers to step out of the vehicle. The agents discovered under defendant's shirt a shoulder holster with a loaded .32 caliber revolver. A search of defendant and the vehicle uncovered a bag of cocaine, a large quantity of cash and postal scales used to weigh the cocaine.
 
 
 5
 Defendant was under constant surveillance, except for the time he spent in the trailer after his return to Piney Flats. Several agents testified that they did not see defendant in possession of a firearm or receive any radio communication from Winters or other agents regarding a weapon prior to defendant's arrest.
 
 ANALYSIS
 I. STANDARD OF REVIEW
 
 6
 "In determining the sufficiency of evidence on appeal, this court must determine whether viewing the evidence and all reasonable inferences in the light most favorable to the government, a reasonable trier of fact could find evidence establishing each element of the crime beyond a reasonable doubt." United States v. Scartz, 838 F.2d 876 (6th Cir.1988) (quoting United States v. Wood, 780 F.2d 555, 557 (6th Cir.), cert. denied, 475 U.S. 1111 (1986)).
 
 II. SUFFICIENCY OF EVIDENCE
 
 7
 Actual physical possession or use of a firearm is not necessary to establish a § 924(c) violation. United States v. Acosta-Cazares, 878 F.2d 945, 952 (6th Cir.), cert. denied, 495 U.S. 899 (1989). If the defendant has actual or constructive possession of a firearm for the purpose of protecting the drugs or otherwise facilitating a drug transaction, the firearm is "used" during and in relation to the commission of the offense. United States v. Henry, 878 F.2d 937, 944 (6th Cir.1989).
 
 
 8
 At the time of his arrest, defendant was in possession of a loaded revolver, three ounces of cocaine, and a large sum of cash. Based on this evidence, a jury could find beyond a reasonable doubt that defendant intended to use the firearm for protection of the drugs or to facilitate the drug trafficking offense. Thus, defendant's accessibility to and possession of the firearm at the time of his arrest was in violation of § 924(c).
 
 CONCLUSION
 
 9
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Wendell A. Miles, Senior Judge for the Western District of Michigan, sitting by designation